IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC, | ) ) ) |
| Plaintiff, | ) Case No. 3:25-cv-00128 ) ) District Judge Eli J. Richardson |
| v. | ) ) Magistrate Judge Alistair Newbern |
| THE DAILY WIRE, LLC, | ) ) |
| Defendant. | ) JURY DEMAND ) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
AND TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's Opposition "raises more questions than it answers" and supports dismissal of its own lawsuit. *See Viral DRM LLC v. Lepetyuk*, 2025 WL 822981, at *5 (N.D. Cal. Mar. 14, 2025).

**1. Plaintiff did not seek leave to add plaintiffs.** Plaintiff did not seek leave of Court to add two new plaintiffs via its amended complaint in violation of Fed. R. Civ. P. 21. *See Kennedy v. Kentucky Dep't of Juv. Just.*, 2025 WL 283227, at *3 (W.D. Ky. Jan. 23, 2025). Unable to dispute this legal bar, Plaintiff inappositely argues that, if a party moves for leave, a court considers whether dismissing a plaintiff will prejudice another party. (*See* Dkt. 25, pp. 8-9 (Plaintiff's "Opposition").) The case Plaintiff cited involved a motion to withdraw. *See Doe v. Bethel Local Sch. Dist.*, 2024 U.S. App. LEXIS 6065, at *3 (6th Cir. Mar. 13, 2024). Even with its Opposition, Plaintiff did not move for leave to add plaintiffs. As such, Plaintiff's Amended Complaint should be stricken to the extent it seeks to add new plaintiffs.

**2. Plaintiff's contradictory allegations defeat standing**. The purported plaintiffs admittedly failed to meet their burden of proving standing in "Plaintiffs previous cases." (Dkt. 25, p. 1.) Indeed, <u>eight</u> cases recently held that Viral DRM LLC lacked standing and denied leave to add Mr. Clement as a plaintiff, including at least one case involving the same Video and same two claims at issue here. (*See* Dkt. 15, pp. 20-21.)[1] Plaintiffs asks this Court to disregard those rulings based on its internally inconsistent Opposition.

*a. Global Weather Productions, LLC ("GWP")*:[2] Plaintiff's allegations on GWP's standing have evolved from owning the copyright since June 4, 2023 (Cplt.) to being assigned undefined "Ownership Rights" (which GWP apparently believes are insufficient to confer standing or else it

---

[1] A ninth opinion not involving the Video dismissed Viral DRM and permitted Mr. Clement to be added as a plaintiff. *Viral DRM LLC v. Seven West Media Ltd.*, 2025 WL 660250 (N.D. Cal. Feb. 28, 2025).

[2] The Opposition at page 9 misstates that GWP was "joined" as a party, when, in fact, it was the original Plaintiff.

would not purport to add two more plaintiffs) (Am. Cplt.) to having "Ownership Rights" plus "manag[ing] and stor[ing]" the Video with "connectivity" to Mr. Clement (Opposition, p. 8). In *Lepetyuk*, GWP was not a plaintiff. *See, e.g., Lepetyuk*, 2025 WL 822981.

    *b. Viral DRM LLC*: The allegations on Viral DRM have vacillated from no mention (Cplt.) to being assigned "Agency Rights" (Am. Cplt.) to being "the 'exclusive authorized agent' of Clement for the Work at issue" to "manage or exploit any of Clement's exclusive rights under 17 U.S.C. § 106" with standing "entwined with that of GWP and Clement" but <u>no</u> ownership (Opposition, p. 8). *Lepetyuk* held that Viral DRM lacked standing.

    *c. Mr. Clement:* The allegations on Clement have evolved from no current ownership (Cplt.) to "[t]hrough his companies, Clement remains the exclusive owner of the copyrighted Work at issue in this case" (Am. Cplt.) to contradictory assertions in its Opposition about Clement's ownership or lack thereof – indirect ownership through his companies versus Clement as "the sole owner of the copyrighted Work," contrary to the Complaints' allegations. (Dkt. 25, pp. 1-2, 4, 7.) *Lepktyuk* disallowed adding Clement as a plaintiff. *See Lepetyuk*, 2025 WL 822981.

    *d. WxChasing LLC*: The Opposition contends that Clement operates a video streaming channel called "WxChasing," which published the Video on YouTube. Allegations in *Lepktyuk* suggest that WxChasing LLC may own the Video. *See Lepetyuk*, 2025 WL 822981, at *1 ("WXChasing LLC, [is] 'a video production company that creates some of the videographic Works that Viral DRM syndicates and licenses,' and Live Storms Media LLC, [is] 'a licensing broker of video content owned by or exclusively licensed to Viral DRM and WXchasing.'"). WxChasing LLC was not a plaintiff in *Lepetyuk*.

    Even in the face of a motion to dismiss on standing, the purported plaintiffs neither filed the agreements alluded to in their submissions nor offered sworn testimony as to which, if any of

3

them, owns the Video's copyright. Instead, they offer contradictory and unintelligible allegations about connectively and entwinement. *Lepetyuk*'s dismissal was correct and is applicable here.

**3. Plaintiff's out-of-circuit authority does not save its 1202(a) claim**. Courts within the Sixth, Second, and Eleventh Circuits have held that a claim under 17 U.S.C. 1202(a) cannot lie when the defendant's work is "different" from the plaintiff's work. *E.g., 42 N., LLC v. Brad Douglas, LLC*, 2024 WL 4661396, at *6 (W.D. Mich. Nov. 4, 2024); *Pryimachenko v. Home Box Off., Inc.*, 2025 WL 567988, at *11 (S.D.N.Y. Jan. 14, 2025) (R&R adopted); *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1360 (N.D. Fla. 2010).

After emphasizing the works' differences in its Amended Complaint (Dkt. 19, ¶¶ 38, 56), Plaintiff now retreats from its concession. First, Plaintiff relies upon out-of-circuit cases from Texas and Arizona contradicting those cited above. The cited Michigan case rejected the Texas view as "unpersuasive." *42 N., LLC*, 2024 WL 4661396, at *5 (construing § 1202(b)). The referenced Arizona case is inconsistent with other cases in its own circuit also rejecting the Texas view. *See Anderson v. Stability AI Ltd.*, 744 F. Supp. 3d 956, 971 (N.D. Cal. 2024) (dismissing § 1202(b) claim based on "identicality" requirement).

Next, Plaintiff incorrectly suggests that "difference" means that the defendant's work cannot include the plaintiff's copyrighted material. For instance, *42 N., LLC* held that the defendant's derivative work – which necessarily includes the plaintiff's copyrighted material – is different for purposes of 1202(b) and 1202(a). 2024 WL 4661396, at **5, 6. *Pryimachenko* held: "A viable claim for false CMI, however, does not exist where a defendant incorporates copyrighted materials into its own distinct work and then applies its name as the author of the work." 2025 WL 567988, at *11. *See also, e.g., Michael Grecco Prods., Inc. v. Time USA, LLC*, 2021 WL 3192543,

4

at *5 (S.D.N.Y. July 27, 2021) (defendant copied plaintiff's photographs); *Crowley v. Jones*, 608 F. Supp. 3d 78, 91 (S.D.N.Y. 2022) (defendants "altered" plaintiff's photograph).

Plaintiff does not directly address Defendant's argument of missing scienter, as putting Defendant's logo on Defendant's News Reel is not acting "knowingly and with the intent to induce, enable, facilitate, or conceal infringement" – particularly when Plaintiff's own law firm cannot identify who owns the Video's copyright. *See* 17 U.S.C. § 1202(a).

**4. Plaintiff's misdirection does not salvage its copyright claim**.

*Nature and character of the use*: Plaintiff ignores key differences between this case and *Breeden*, which denied a motion to dismiss. Unlike *Breeden*, even Plaintiff's Amended Complaint suggests Defendant's transformative use of a Video excerpt that was cropped, rearranged, blurred, and with added captions and music. (*See* Dkt. 19, ¶ 38.) Moreover, *Breeden* did not mention *Morris v. Wise* or its finding applicable here that the use was "simply to identify a person [or here location] and not to usurp or highlight the artistic or unique qualities of the image." 2020 WL 1000010, at *3 (N.D. Ohio Mar. 2, 2020) (granting motion to dismiss). Plaintiff incorrectly argues that the use in *Morris* was incidental, even though the defendant used the plaintiff's image in an advertising email and a YouTube thumbnail, i.e., what drew attention to the video. Here, however, the Video's excerpt was merely included in the middle of the News Reel.

*Nature of the work*: Plaintiff's argument that this factor favors it is clearly wrong. *Breeden*, 2024 WL 5239886, at *7 (this factor favors the defendant because the video was "factual").

*Amount and substantiality used*: Plaintiff mistakenly compares the Video excerpt's length to the News Reel, rather than to the full Video's length. *Compare* Dkt. 25, pp. 13-14 *with Breeden*, 2024 WL 5239886, at *8. The News Reel used only 15% of the Video, whereas *Breeden* involved use of 74% of the plaintiff's work. *See id.*, at *8.

5

*Market harm*: Plaintiff's Opposition contends that the Video "has been licensed to many media companies" (Dkt. 25, p. 15), an allegation missing from the Amended Complaint and thus to be ignored. *See Sharp v. Technicolor Videocassette*, 2019 WL 167423, at *3 (W.D. Tenn. Jan. 10, 2019). If concerned about market harm, Plaintiff would not have waited almost a year from discovery before contacting Defendant about the matter. (*See* Dkt. 19, ¶¶ 41, 50.)

*No damages*: Plaintiff ignores another court's holding that its law firm failed to establish any damages regarding the same Video on a related claim. *See Lepetyuk*, 2025 WL 822981, at *4.

**5. Plaintiff's request for injunctive relief is moot.** Plaintiff does not dispute that its request for an injunction is moot because Defendant removed the News Reel before Plaintiff filed suit. *See Mertik Maxitrol v. Honeywell Techs.*, 2011 WL 1454067, at *7 (E.D. Mich. Apr. 13, 2011).

**6. Plaintiff should post a bond to pursue any claims not dismissed**. The issue is not, as Plaintiff misstates, whether Defendant's use was *de minimis*, but whether Defendant's settlement conduct has been abusive. *Breeden*, 2024 WL 5239886, at *9. Demanding at least 37-to-55 times Plaintiff's supposed actual damages is abusive, as is Plaintiff's more recent demand of 27.5+ times.

Plaintiff incorrectly asserts that this Court's criticism in *Keatley* was directed at "an unaffiliated law firm." (Dkt. 25, p. 18.) Not so. This Court found the plaintiff's settlement behavior to be "objectively unreasonable" after discussing SripLaw's conduct at length: "Keatley's continued insistence on damages of well over $100,000 (even after abandoning the amount sought in the Amended Complaint) was objectively unreasonable." *See Keatley*, 2022 WL 1432552, at *8.

A bond is warranted given (1) extreme settlement-demand ratios not before the *Breeden* Court, and (2) SripLaw's pattern of objectively unreasonable conduct in this Court and others, recently causing a district court to question whether the firm's filings were "nefarious." (Dkt. 15, pp. 20-21.) Defendant respectfully requests that the Court grant its motion to strike and to dismiss.

Respectfully submitted,

s/ W. Russell Taber III
W. Russell Taber III (BPR 24741)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
rtaber@rjfirm.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF filing system this the 25th day of April, 2025 upon the following:

Sangheon Han
Sriplaw, P.A.
4900 Travis Street, Suite 212
Houston, TX 77002
Sangheon.han@sriplaw.com

Evan A. Andersen
Anthony James Underwood
Sriplaw, P.A.
3355 Lenox Road NE, Suite 750
Atlanta, GA 30326
Evan.andersen@sriplaw.com
Anthony.underwood@sriplaw.com

s/ W. Russell Taber III